28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James JACKSON, Plaintiff-Appellant,
v.
Myrna LANSDOWN, Eddie Mason, Donald Crane, and Tim Morgan,
Defendants-Appellees.
 No. 94-5044.
 United States Court of Appeals, Tenth Circuit.
 June 20, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James Jackson, appearing pro se, appeals from the district court's orders of January 11 and 12, 1994, granting the Motion to Dismiss filed by defendants Lansdown and Crane and the Motion for Summary Judgment filed by defendants Mason and Morgan in Jackson's 42 U.S.C.1983 civil rights action.
 
 
 3
 Jackson filed this 1983 action against Myrna Lansdown, State District Judge for Washington County, Oklahoma; Donald Crane, District Attorney for Washington County, Oklahoma; and Eddie Mason and Tim Morgan, police officers for the City of Bartlesville, Oklahoma. He alleges that these officials violated his constitutional rights arising out of a 1991 investigation, a finding of probable cause, and the subsequent criminal proceeding involving charges of assault and battery filed against him. Jackson was arrested but was never prosecuted or convicted. In his 1983 complaint, Jackson sought $100,000 in actual or compensatory damages and $50,000 in punitive damages.
 
 
 4
 The matter was referred to a magistrate judge who recommended that the complaint be dismissed based upon the doctrines of absolute and qualified immunity and that Jackson's application to amend his complaint to add a further cause of action to join C.M. Miller as a defendant be denied. Jackson filed objections to the magistrate judge's report and recommendation.
 
 
 5
 The district court adopted the magistrate judge's recommendations and dismissed the complaint against defendants Lansdown and Crane based on absolute judicial and prosecutorial immunity, citing to Stump v. Sparkman, 435 U.S. 349 (1978), Van Sickle v. Holloway, 791 F.2d 1431 (10th Cir.1986), Imbler v. Pachtman, 424 U.S. 409 (1976) and Lerwill v. Joslin, 712 F.2d 435 (10th Cir.1983). Further, the district court, based on undisputed facts, granted the Motion for Summary Judgment filed by defendants Mason and Morgan in dismissing Jackson's complaint against them. The court did so on the ground that because neither Mason or Morgan were involved in the drafting or presentment of the affidavit for probable cause, there is no cause of action stated against them involving a clearly established constitutional right which reasonable police officers knew or should have known. The court also accepted the magistrate judge's recommendation that Jackson's motion to amend his complaint be denied.
 
 
 6
 On appeal, Jackson asks that we reverse and remand back to the district court for further proceedings. He argues that because of his race, black, he was subjected to an excessive bail bond by Judge Lansdown and inadequately investigated by prosecutor Crane, who acted in his administrative and investigative capacities. He further contends that officers Mason and Morgan were involved in the drafting or presentment of the probable cause affidavit and that their claim of qualified immunity should be presented to the jury.
 
 
 7
 We affirm for substantially the reasons set forth in the district court's orders of January 11, 1994, and January 12, 1994.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470